## FIRST NATIONAL BANK OF BRECKENRIDGE v. THORPE BROTHERS.[1]

March 21, 1930.

No. 27,809.

[1]Reported in 229 N. W. 871.

*Edgerton, Dohs & Edgerton* and *Fred L. Doud,* for appellant.
*Best & Flanagan* and *LeRoy Bowen,* for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial.

On August 15, 1925, the parties hereto entered into a written contract wherein plaintiff agreed to convey 320 acres of land in Wilkin county, subject to one mortgage of $9,000, to defendant "or to any person or party to whom said second party [defendant] shall request said conveyance to be made" for and in consideration of the agreed price of $40,000. In consideration thereof defendant agreed (1) to sell and convey to plaintiff 909.42 acres of land in Itasca county; (2) to pay plaintiff $2,000 in cash; and (3) "to make, execute and deliver (or cause to be made, executed and delivered by the grantee to be named by them in the deed to be given for said Wilkin county land) a purchase money mortgage to be second to said first mortgage and secured upon all of the same lands in Wilkin county, * * * in the amount of $11,200, securing the payments of five promissory notes" aggregating said amount.

The written agreement was prepared by plaintiff. The provisions as to some person other than defendant taking title and giving the mortgage were inserted at the suggestion of defendant.

When the transaction was closed plaintiff at the instance of defendant deeded the Wilkin county land to R. A. Vincent, a lady stenographer in defendant's employment, who in turn executed and delivered to plaintiff five notes aggregating $11,200 and a second mortgage upon the Wilkin county land to secure the payment thereof. Miss Vincent was a dummy grantee. She acted for defendant, who paid her $15 therefor. She promptly conveyed the land, sub-

ject to the two mortgages, to defendant. She testified that she was execution proof, did not expect to pay the notes, and had no interest in the transaction. Defendant conveyed the Itasca county land to plaintiff, paid $2,000 in cash, and has since paid three of the notes of $2,000 each and interest up to August 15, 1927. This action is brought upon the contract in an effort to procure a personal judgment against defendant for $5,200 and interest which is evidenced by the unpaid notes secured by said second mortgage.

Plaintiff claims that the contract was a sale of the Wilkin county land to defendant and that the law imports therein a promise of defendant to pay the purchase price. The instrument includes such expressions as "this agreement," "agreed price," "purchase money mortgage," and it does not in expressed terms say who is to sign the five notes. Plaintiff bases its case upon the doctrine that when promissory notes of a third person are accepted in payment of an obligation they are, in the absence of an express agreement, to be considered only as a conditional payment.

The court found as a fact that plaintiff accepted defendant's deed, its $2,000 in cash, and the five notes and second mortgage given by Miss Vincent "in full performance and satisfaction of that contract dated August 15, 1925 * * * and that said contract has been fully performed and satisfied prior to the commencement of this action."

Plaintiff prepared the contract. The provisions relative to a third person were inserted at the instance of defendant. They were not objectionable. Plaintiff acquiesced therein. The purpose was apparent. It is clear that plaintiff knew that it might not get defendant's personal obligation. The contract contained no express agreement of defendant to pay the debt evidenced by the notes. It did provide for the giving of a mortgage which under the terms of the contract could be given by defendant or the third party at defendant's option. The contract does not expressly state who shall execute the notes but it does provide in the alternative who shall execute the mortgage. Presumptively, the mortgagor is to execute the notes thereby secured. A choice in an alternative con-

tractual provision lies with the person who is to perform. In this case the language as to a deed running to a third person expressly states that such will be the case if defendant so elects. The exercise of this privilege necessitated the third party grantee to give the mortgage.

The inference is permissible that plaintiff was relying upon the land for security. Obviously plaintiff would not have consented to the insertion of the third party provisions if this were not so. This gave an opportunity for a mortgagor without financial responsibility. Plaintiff's business was handled by a banker familiar with promissory notes and who could not have been blind to the purpose of insertion of provisions which was opening the door to the woman of straw. Plaintiff knew the contract. There was no fraud or deception. The language is plain. It is a part of the contract. It fixes the rights of the parties. In the presence of such definite contractual provisions deliberately written into the instrument plaintiff cannot prevail upon the theory of an imported contract. In fact the contract expressly calls for the closing of the transaction as it was closed at the election of defendant. It is now too late to raise the question of uncollectibility of the Vincent notes. Plaintiff contracted to take the notes of any person that defendant might designate.

It is true that the taking of promissory notes of a third person for a pre-existing debt is presumed to be conditional and not absolute payment. But this rule of law is not applicable. Plaintiff's contractual obligation required it to close the transaction with such person as defendant might dictate. It was entitled to have the notes and mortgage of such third party if named. Nothing more. But, until defendant accepted title and gave its own notes and mortgage, it was not personally obligated to pay plaintiff the debt for which the Vincent notes and mortgage were given and accepted. Defendant kept faith with the purpose for which the provision was inserted. Plaintiff's contract called for just what it got. The contract was completed. There was no room for an implied contract in the presence of its expressed provisions.

We are of the opinion that the evidence supports the finding that defendant fully performed its contract and that plaintiff accepted the Vincent notes and mortgage in full performance thereof.

Affirmed.